United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41266
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO MENJIVAR-HERRERA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-466-ALL
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Francisco Menjivar-Herrera appeals from a guilty-plea
conviction for re-entry of a deported alien in violation of
8 U.S.C. § 1326.  Menjivar-Herrera argues that the written
judgment fails to reflect the court's oral pronouncement at
sentencing that he be placed in a prison medical facility.  As
Menjivar-Herrera concedes, this issue is now moot because
the court has amended the judgment under FED. R. CRIM. P. 36 to
reflect the special condition for incarceration.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Menjivar-Herrera also argues for the first time on appeal that 8 U.S.C. § 1326(b)(1)&(2) are unconstitutional because they treat a prior conviction for an aggravated felony as a mere sentencing factor and not as an element of the offense. Menjivar-Herrera concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.